## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SWINEHART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-20-140-STE |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 25-43). The Appeals Council denied Plaintiff's request for

review. (TR. 9-11). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period of disability from November 2, 2002 through his date last insured of March 31, 2008 (the relevant period). (TR. 27). At step two, the ALJ determined that Mr. Swinehart had the following severe impairments: depression; anxiety; and degenerative disc disease of the lumbar spine. (TR. 27). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 28).

At step four, the ALJ concluded that Mr. Swinehart retained the residual functional capacity (RFC) to:

> [P]erform the full range of medium work as defined in Appendix 2 of Subpt. P of the Social Security Regulations with nonexertional limitations in that claimant would be limited to work that is of SVP level 2 or less as defined in the DOT with ability to understand, remember, and carry out ordinary and/or routine written or oral instructions and tasks with ability to interact appropriately on occasional basis with supervisor, co-workers and the public.

(TR. 32).

At the administrative hearing, the ALJ presented these limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that

Plaintiff could perform. (TR. 82). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 82). The ALJ adopted the VE's testimony and concluded that during the relevant period, Mr. Swinehart was not disabled at step five based on his ability to perform the identified jobs. (TR. 42).

### III.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV.   ISSUE PRESENTED

Mr. Swinehart alleges the ALJ erred in evaluating a medical source opinion, which affected the findings at step three. (ECF No. 19:16-23).

**V.     ERROR IN THE ALJ'S EVALUATION OF A MEDICAL SOURCE OPINION**

As alleged by Mr. Swinehart, the ALJ committed legal error at step three in evaluating an opinion from licensed clinical psychologist, Dr. Gary Rouse, who opined that Plaintiff satisfied the medical criteria for a presumptive disability under Listing 12.04. *See* ECF No. 19:16-23. In turn, due to the legal error, the step three findings lacked substantial evidence.

**A.     Criteria at Step Three**

At step three, the ALJ must determine whether the claimant's impairment is "equivalent to one of a number of listed impairments that the Secretary acknowledged as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If this standard is met, the claimant is considered *per se* disabled. *Knipe v. Heckler*, 755 F.2d 141, 146 (10th Cir. 1985). The question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); 20 C.F.R. §§ 404.1525(c)(3)-(4), 404.1526(b). "The claimant has the burden at step three of demonstrating, through medical evidence, that his impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*

Once the claimant has produced such evidence, the burden is on the ALJ to identify and discuss any relevant listings. *Fisher-Ross v. Barnhart*, 431 F.3d 729, 733 n. 3 (10th Cir. 2005). In doing so, the ALJ must weigh the evidence and make specific findings to support the step three determination. *Clifton v. Chater*, 79 F.3d at 1009.

**B.     Listing 12.04**

To meet or equal Listing 12.04 which governs depressive, bipolar, and related disorders, the individual must satisfy the criteria in 12.04(A) & (B), *or* 12.04(A) & (C). 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.04.[1] (Listing 12.04). To satisfy Listing 12.04, the individual must have:

    A.    Medical documentation of the requirements of paragraph 1 or 2:

        1. Depressive disorder, characterized by five or more of the following:

           a. Depressed mood;

           b. Diminished interest in almost all activities;

           c. Appetite disturbance with change in weight;

           d. Sleep disturbance;

           e. Observable psychomotor agitation or retardation;

           f. Decreased energy;

           g. Feelings of guilt or worthlessness;

           h. Difficulty concentrating or thinking; or

           i. Thoughts of death or suicide.

        2. Bipolar disorder, characterized by three or more of the following:

           a. Pressured speech;

           b. Flight of ideas;

---

[1] Although the relevant period was from November 2, 2002 through March 31, 2008, the ALJ was obliged to consider the criteria for Listing 12.04 which was in effect at the time of his decision on May 17, 2019. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) ("We refer to the regulations in effect at the time of the ALJ's decision.").

    c. Inflated self-esteem;

    d. Decreased need for sleep;

    e. Distractibility;

    f. Involvement in activities that have a high probability of painful consequences that are not recognized; or

    g. Increase in goal-directed activity or psychomotor agitation.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

  1. Understand, remember, or apply information.

  2. Interact with others.

  3. Concentrate, persist, or maintain pace.

  4. Adapt or manage oneself.

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

  1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and

  2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

Listing 12.04.

### C.     Dr. Rouse's Opinion

On March 29, 2019, Dr. Rouse, who had treated Plaintiff since 2018,[2] reviewed the claimant's file and provided a written statement regarding Mr. Swinehart's mental health history for the relevant period. *See* TR. 1828-1832. In doing so, Dr. Rouse concluded that Plaintiff met/exceeded the requirements for Listing 12.04 by satisfying the criteria in subsections (A) & (B). (TR. 1829-1832).

Although Mr. Swinehart needed only to have presented medical documentation in five of the areas of (A)(1), Dr. Rouse opined that Plaintiff had presented medical documentation in all nine areas. *See* TR. 1829-1831. In doing so, Dr. Rouse provided specific references to medical records in Plaintiff's file which supported each finding. (TR. 1829-1832). Dr. Rouse also concluded that Plaintiff had met the criteria for 12.04(B) by finding that Plaintiff had an extreme or marked limitation in the areas of "interact with others" and "adapt or manage oneself" as set forth in 12.04(B). (TR. 1832).

### D.     Error in the ALJ's Evaluation of Dr. Rouse's Opinion

As stated, Plaintiff alleges that the ALJ erred in evaluating Dr. Rouse's opinion that Mr. Swinehart had met the requirements for presumptive disability under Listing 12.04. The Court agrees.

For claims filed after March 27, 2017, such Mr. Swinehart's claim,[3] 20 C.F.R. § 404.1520c, provides that the Commissioner no longer will "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R.

---

[2]  At the March 20, 2019 hearing, Plaintiff testified that he had been seeing Dr. Rouse since 2018. (TR. 71).
[3]  Plaintiff filed his application for disability benefits on February 9, 2018. *See* TR. 25.

§ 404.1520c(a). Instead, the ALJ now need only articulate how persuasive he finds the medical opinion. 20 C.F.R. § 404.1520c(b). Persuasiveness is primarily based on an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 1520c(b)(2) & (c)(1)-(2). The ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion, such as the relationship of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. *See* 20 C.F.R. § 404.1520c(c)(3)-(5).

At step three, the ALJ found that Dr. Rouse "fail[ed] to provide substantive objective evidence that the claimant me[t] or equal[ed] a listed impairment." (TR. 30). In doing so, the ALJ addressed the "supportability" of Dr. Rouse's opinion and provided six rationales to conclude that the opinion was not well-supported. (TR.30). Mr. Swinehart argues that the rationales are inadequate because they are "unsupported by the record," and "blatantly contradicted by the evidence." (ECF No. 19:19). Plaintiff is correct.

First, the ALJ stated that Dr. Rouse failed to specify whether Mr. Swinehart "met" or "equaled" Listing 12.04. (TR. 30). This statement is belied by the record, as Dr. Rouse specifically found that Plaintiff met and/or exceeded Listing 12.04. (TR. 1829).

Second, the ALJ stated that Dr. Rouse failed to address: (1) whether Mr. Swinehart "equaled" a listing, and (2) Part C of Listing 12.04. But Dr. Rouse need not have addressed whether Plaintiff "equaled" a listing in lieu of his finding that Plaintiff "met" listing 12.04; and likewise, Dr. Rouse need not have addressed 12.04(C) in light of his findings that Plaintiff had already met Listing 12.04 by satisfying subsections (A) & (B). *See supra*.

Third, the ALJ stated that Dr. Rouse "fail[ed] to state and discuss which specific objective medical findings [we]re presented in direct support of the "A" criteria under Listing 12.04." (TR. 30). Again, this statement is directly contradicted by the record. As stated, subsection (A) required Plaintiff to have demonstrated medical documentation of the requirements of either paragraph 1 or 2:

    1. Depressive disorder, characterized by five or more of the following:

        a. Depressed mood;

        b. Diminished interest in almost all activities;

        c. Appetite disturbance with change in weight;

        d. Sleep disturbance;

        e. Observable psychomotor agitation or retardation;

        f. Decreased energy;

        g. Feelings of guilt or worthlessness;

        h. Difficulty concentrating or thinking; or

        i. Thoughts of death or suicide.

    2. Bipolar disorder, characterized by three or more of the following:

        a. Pressured speech;

        b. Flight of ideas;

        c. Inflated self-esteem;

        d. Decreased need for sleep;

        e. Distractibility;

> f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
>
> g. Increase in goal-directed activity or psychomotor agitation.

*See supra*. Dr. Rouse found that Plaintiff met all nine factors listed under paragraph 1, thus satisfying subsection (A). And in doing so, Dr. Rouse cited specific evidentiary proof, including dates of the medical documentation in support of each finding and page numbers to the record where the information could be found. *See* TR. 1829-1831.

Fourth, the ALJ criticized Dr. Rouse for stating that Mr. Swinehart exhibited "most of the symptoms," of bipolar disorder which, according to the ALJ, left the reader to "impermissibly guess what symptoms the claimant [did] not meet." (TR. 30).[4] Although Dr. Rouse stated that Plaintiff exhibited "most of the symptoms" of bipolar disorder, he went on to state that Mr. Swinehart did not exhibit: (1) inflated self-esteem; (2) involvement in activities that have a high probability of painful consequences that are not recognized; or (3) increase in goal-directed activity. (TR. 1829). Because Dr. Rouse explicitly stated the symptoms of bipolar disorder that Plaintiff did not demonstrate, it is reasonable to assume that Dr. Rouse was of the opinion that Plaintiff exhibited the remaining symptoms. But even if Dr. Rouse had not reached such a conclusion, the ambiguity of what bipolar symptoms Plaintiff might have exhibited is irrelevant in light of Dr. Rouse's explicit finding that Plaintiff met all nine criteria of 12.04(A)(1) for depressive

---

[4] Although Dr. Rouse stated that Plaintiff exhibited "most of the symptoms under B for bipolar," it is apparent from the opinion that Dr. Rouse was not actually referring to 12.04(B), but instead 12.04(A)(2) which outlines the symptoms of bipolar disorder. *See* TR. 1829.

disorder, which is all that was necessary to conclude that subsection (A) had been met. *See supra*.

Fifth, the ALJ takes issue with that fact that in finding that Plaintiff demonstrated "diminished interest in almost all activities" under 12.04(A)(1), Dr. Rouse stated that this factor was "[n]ot specifically noted in the older military records, but [wa]s reported by [Mr. Swinehart]." (Tr. 30, 1830). Apparently the ALJ believed that Plaintiff's subjective reports would not constitute "medical documentation" of the symptom as required by 12.04. But even discounting this finding, Dr. Rouse still opined that Plaintiff met eight of the nine criteria set forth in 12.04(A)(1), which is more than sufficient to satisfy the subsection.

Finally, the ALJ criticizes Dr. Rouse for making a "generic, non-medical assumption" that Mr. Swinehart forfeited a 20-year retirement with the military which he was just 2 weeks away from receiving due to his mental impairment. (TR. 30). Indeed, Dr. Rouse did make this finding, but it was independent from his specific findings that Plaintiff had met Listing 12.04, by meeting the criteria in subsections (A) and (B). Thus, discounting the speculation on Mr. Swinehart's loss of retirement would not change Dr. Rouse's ultimate conclusion that Plaintiff had satisfied Listing 12.04.

As stated, under the revised regulations, the ALJ must articulate how persuasive he finds a medical opinion by explaining the opinion's supportability and consistency. *See supra*, 20 C.F.R. § 1520c(b)(2) & (c)(1)-(2). Although the ALJ discussed the "supportability" factor, none of the rationales he provided were sufficient. And the ALJ completely failed to discuss the "consistency" of Dr. Rouse's opinion with other medical

11

opinions. Instead, at step four, the ALJ only stated that Dr. Rouse's opinion was "not … consistent with the evidence … or … [a] disability." (TR. 38). But the ALJ did not compare Dr. Rouse's opinion with "the evidence from other medical sources and nonmedical sources in the claim," as he was required to do. *See* 20 C.F.R. § 1520c(b)(2), (c)(2).

The Commissioner contends that the ALJ explained how he had considered the factors of supportability and consistency by arguing that: (1) Dr. Rouse failed to cite any evidence in support of his "Part B" findings; (2) Dr. Rouse failed to cite evidence in support of his theory that the "Part C" criteria were satisfied; and (3) Dr. Rouse's opinion was inconsistent with Dr. Eckert's opinion, which stated that Plaintiff suffered no more than mild or moderate limitations in the areas set forth in 12.04(B). (ECF No. 21:17-19). Also, Mr. Saul attempts to salvage the step three determination by pointing to: (1) the ALJ's reliance on Mr. Swinehart's activities of daily living which the ALJ cited in support of his findings that Plaintiff suffered no more than mild or moderate limitations in the areas set forth in 12.04(B); (2) Dr. Eckert's opinion; and (3) a lack of evidence establishing that Plaintiff suffered from a mood disorder which was disabling for 12 continuous months. (ECF No. 21:14-20).

Defendant's arguments are flawed for two reasons. First, with the exception of the ALJ's reliance on Plaintiff's daily activities in support of the "Part B" findings, the ALJ himself did not offer any of the rationales now offered by the Commissioner in an attempt to justify the step three determination. As a result, the Court cannot consider these post-hoc rationales. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are

not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner."). Second, the ALJ improperly relied on Plaintiff's activities of daily living to justify his findings on the "Part B" criteria, as the question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *See supra*.

The Court concludes that the ALJ offered insufficient rationales in rejecting Dr. Rouse's opinion as not well-supported. Additionally, the ALJ erred in failing to properly evaluate Dr. Rouse's opinion by explaining whether the opinion was consistent with the other evidence of record. The legal error, in turn, rendered the step three findings lacking in substantial evidence, and remand is warranted.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision. On remand, the ALJ shall properly assess the opinion of Dr. Rouse in accordance with the findings above.

ENTERED on November 23, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE